MOORE, J,,
Dissenting. — I respectfully dissent. I actually agree with most of what the majority says, but I draw different conclusions from the facts.
This is what happened. In a busy misdemeanor arraignment court, the prosecutor and defense lawyer agreed to the disposition of a case where defendant was using his cell phone to look up women’s skirts. The two lawyers agreed defendant would plead guilty in exchange for three years’ probation. While memorializing the agreement in a writing, the defense lawyer added an additional term, that defendant’s guilty plea would “resolve[] all incidents referenced in [the] police report, charged & uncharged.”
To a great extent, what happened next is a he said/she said situation. He is the defense lawyer and she is the prosecutor. She said she asked him what the additional term was about, and he told her the other incidents involved “similar stuff.” The prosecutor then perused the police report, which was actually four reports, found “similar stuff’ throughout the four reports and agreed to the additional term. Defendant pled guilty and the judge sentenced him according to the agreement.
What the prosecutor did not read in her perusal of the police reports was a police officer’s statement that defendant was a person of interest in the inappropriate touching of two 12-year-old girls. Shortly after defendant was sentenced, the prosecutor was contacted by police and told the police department was ready to file against defendant for molesting the two girls. A felony complaint alleging defendant committed two counts of forcible child molestation was filed. (Pen. Code, § 288, subd. (b)(1).)
Defendant made a motion to have the felony complaint dismissed. In denying the motion to dismiss, the judge made a finding there was no fraud on the defense lawyer’s part when he answered the prosecutor’s questions about the new term he added to the plea agreement in the underlying case. A reviewing court must defer to factual findings. (People v. Cissna (2010) 182 Cal.App.4th 1105, 1118 [106 Cal.Rptr.3d 54].) Assuming there was no fraud, *1412 both looking up women’s skirts and felony child molestation are both sexual crimes, and might be described by some as “similar stuff.”
Why the prosecutor did not read the police reports more carefully is not at issue here. Nor is the defense lawyer’s reason for doing what he did, although his actions may be understandable. He was between the rock and the hard spot to a certain extent. If he brought the notation in the fourth police report about the 12-year-old girls to the attention of the prosecutor, he might inadvertently cause his client to be further prosecuted. Yet at the same time, he wanted to wrap up everything, if possible.
What is at issue here is that, unlike the typical private contract, which is insulated from judicial interference because it is nobody’s business to what terms private parties agree (see Brisbane Lodging, L.P. v. Webcor Builders, Inc. (2013) 216 Cal.App.4th 1249, 1263 [157 Cal.Rptr.3d 467] [contract involving “sophisticated give-and-take” over terms of contract should not be interfered with by the courts], this particular contract is somebody’s business. It is the People’s business. Even though it does not matter why both counsel acted as they did, as a result of their actions, charges are being dismissed against a sexual deviant who may be in the process of escalating his crimes, having graduated from looking up women’s skirts to forcible child molestation. It is in the public interest to determine whether that portion of the plea agreement dealing with foreclosing further prosecution should be rescinded under contract principles or whether the plea agreement should be enforced despite a mistake of fact, and the forcible child molestation charges should be dismissed.
There are four requirements to rescission. The party seeking rescission must demonstrate that “(1) [she] made a mistake regarding a basic assumption upon which [she] made the contract; (2) the mistake has a material effect upon the agreed exchange of performances that is adverse to [her]; (3) [she] does not bear the risk of the mistake; and (4) the effect of the mistake . . . would be unconscionable.” (Donovan v. RRL Corp. (2001) 26 Cal.4th 261, 282 [109 Cal.Rptr.2d 807, 27 P.3d 702].) As the majority notes, the parties agree the first two elements are present. (Maj. opn., ante, at p. 1402.) Unlike the majority, I find the prosecutor does not bear the assumption of the risk here.
A party bears the assumption of the risk of her mistake if “ ‘[s]he is aware, at the time the contract is made, that [s]he has only limited knowledge with respect to the facts to which the mistake relates but treats [her] limited knowledge as sufficient ....’” (Donovan v. RRL Corp., supra, 26 Cal.4th at p. 283.) In this case, it cannot be said the prosecutor bore the risk of making a bad contract because she knew she had limited knowledge. She “knew” no such thing. She perused the four police reports and felt assured they *1413 contained nothing but “up the skirt stuff.” That is what she was looking for, and that is what she found.

Unconscionability in General

The principles of unconscionability involve both a substantive and a procedural element, the former focusing or overly harsh or one-sided results and the latter on oppression or surprise. (Little v. Auto Stiegler, Inc. (2003) 29 Cal.4th 1064, 1071 [130 Cal.Rptr.2d 892, 63 P.3d 979].) The ultimate question of whether or not a contract is unconscionable is a question of law. (A & M Produce Co. v. FMC Corp. (1982) 135 Cal.App.3d 473, 489 [186 Cal.Rptr. 114].)

Substantive Unconscionability

“The substantive element of the unconscionability analysis focuses on overly harsh or one-sided results. [Citation.]” (Gatton v. T-Mobile USA, Inc. (2007) 152 Cal.App.4th 571, 586 [61 Cal.Rptr.3d 344].) “No precise definition of substantive unconscionability can be proffered. Cases have talked in terms of ‘overly harsh’ or ‘one-sided’ results. [Citations.] One commentator has pointed out, however, that ‘. . . unconscionability turns not only on a “one-sided” result, but also on an absence of “justification” for it.’ [Citation], which is only to say that substantive unconscionability must be evaluated as of the time the contract was made. [Citation.] The most detailed and specific commentaries observe that a contract is largely an allocation of risks between the parties, and therefore that a contractual term is substantively suspect if it reallocates the risks of the bargain in an objectively unreasonable or unexpected manner. [Citations.]” (A & M Produce Co. v. FMC Corp., supra, 135 Cal.App.3d at p. 487.)
A provision in a contract is substantively unconscionable if it “ ‘involves contract terms that are so one-sided as to “shock the conscience,” or that impose harsh or oppressive terms.’ [Citation.] The phrases ‘harsh,’ ‘oppressive,’ and ‘shock the conscience’ are not synonymous with ‘unreasonable.’ Basing an unconscionability. determination on the reasonableness of a contract provision would inject an inappropriate level of judicial subjectivity into the analysis. ‘With a concept as nebulous as “unconscionability” it is important that courts not be thrust in the paternalistic role of intervening to change contractual terms that the parties have agreed to merely because the court believes the terms are unreasonable. The terms must shock the conscience.’ [Citations.]” (Morris v. Redwood Empire Bancorp (2005) 128 Cal.App.4th 1305, 1322-1323 [27 Cal.Rptr.3d 797].)
As already noted, I must defer to the trial judge’s determination there was no fraud in the inducement here. Nonetheless, even if the defense lawyer did *1414 not intend to mislead the prosecutor, it is clear to me the prosecutor was, indeed, misled into believing the only crimes involved were “up the skirt stuff,” as she says she was told or led to believe. She found “up the skirt stuff’ throughout the police reports, but did not see the references to inappropriate touching of two 12-year-old girls. Under the circumstances I find in this record, I must conclude the term added by the defense lawyer is harsh, oppressive, one-sided in favor of defendant and shocks the conscience.

Procedural Unconscionability

The procedural element of the unconscionability analysis concerns the manner in which the contract was negotiated and the circumstances of the parties at the time. It focuses on oppression or surprise. (Walnut Producers of California v. Diamond Foods, Inc. (2010) 187 Cal.App.4th 634, 646 [114 Cal.Rptr.3d 449].) Oppression may not apply here, but surprise does. Surprise involves the extent to which the supposedly agreed-upon terms of the bargain are hidden in the contract by the party seeking to enforce the disputed terms. (Gatton v. T-Mobile USA, Inc., supra, 152 Cal.App.4th at p. 581.)
I do not suggest the prosecutor should have been surprised, but surprised she was. She had been told to expect nothing in the police report but “similar stuff,” so when she saw “similar stuff’ throughout, her expectations were met. But the added contractual term had ramifications she never suspected.
No doubt the substantive unconconscionability element here is greater than the procedural unconscionability element, but the law recognizes a sliding scale with regard to substantive and procedural unconscionability. “[T]he greater the degree of substantive unconscionability, the less the degree of procedural unconscionability ... is required to annul [a] contract or clause. [Citations.]” (Carboni v. Arrospide (1991) 2 Cal.App.4th 76, 83 [2 Cal.Rptr.2d 845], fn. omitted.) In Carboni, the reviewing court had little trouble finding a 200 percent interest rate charged on funds borrowed to pay for medical bills was substantively unconscionable, but struggled with whether there was procedural unconscionability in light of an argument the borrower had other sources of credit. (Id. at pp. 84, 86.) The court concluded: “Finally, we note that even if the procedural aspect of unconscionability in this case was slight, the substantive unconscionability was severe. A compelling showing of substantive unconscionability may overcome a weaker showing of procedural unconscionability. [Citation.]” (Id. at p. 86.)

Conclusion

This is not a situation where the district attorney is trying to back out of a deal it made because circumstances have changed. Neither is this a situation *1415 where the case was assigned to a deputy district attorney for trial, in which case we could easily presume the trial lawyer was fully aware of the contents of the file before making an offer. Rather, this case involves a perfect storm. The plea agreement was made at the misdemeanor arraignment stage, the safety of children is at stake, and the People’s lawyer did not read all of the police reports, missing the significance of the term added by the defense lawyer. Thus, at the time the contract was entered, the possible effect that a felonious child molester, who would ordinarily face a long prison term, would avoid prosecution, was not even considered. Under the circumstances in this record, I find that added term to be both substantively and procedurally unconscionable. The unconscionable term can easily be severed from the agreement.
“As noted, Civil Code section 1670.5, subdivision (a) provides that ‘[i]f the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.’ ” (Armendariz v. Foundation Health Psychcare Services, Inc. (2000) 24 Cal.4th 83, 121-122 [99 Cal.Rptr.2d 745, 6 P.3d 669], italics added.)
I think the trial court’s ruling was correct for the most part. The added term to the plea agreement here shocks the conscience, and I do not think we should enforce it. The prosecution of defendant for forcible child molestation should proceed without interference by this court.
I disagree, however, with the remedy applied by the trial court. The court withdrew defendant’s guilty plea in the misdemeanor matter. Whether the guilty plea should be withdrawn or whether the plea should remain, with the unconscionable provision severed, should be defendant’s option. After all, the prosecutor offered defendant the no time disposition prior to defense counsel’s including the unconscionable provision.